STATE v. BOBBY WARD.

(Filed 25 November, 1964.)

**Attorney and Client § 3;    Criminal Law §§ 25, 173—**

> Where defendant's counsel enters a plea of *nolo contendere* and defendant maintains throughout that he was not guilty, the judgment may not be allowed to stand, and when there is no specific finding as to whether defendant did consent to the plea entered for him, the cause must be remanded.

CERTIORARI to review an order of *Burgwyn, E. J.,* entered in a Post Conviction Hearing at the December, 1964 Session, JOHNSTON Superior Court. The court denied the defendant's application for a new trial in three cases tried at the June 25, 1956 Term of the Court.

At the time of his trial in 1956, the defendant was 21 years of age. He had a seventh grade education. His parents employed an able and experienced lawyer to defend the accused against the charge of house breaking and assault with intent to commit rape. The defendant's counsel, now deceased, testified at the post conviction hearing in part, as follows:

"Before the trial Sheriff Henry and his deputies unearthed two other cases against Bobby; one was for an alleged offense against the little Thorne girl in Selma and one against the Hartley boy over near Holt Lake. We were prepared to defend the case of Mrs. Wright (assault with intent to commit rape) against him . . . Bobby Ward denied his guilt. . . . It looked like a bad situation. I tried to have an agreement with the solicitor with the approval of the judge that if we would tender a plea of *nolo contendere* in all cases and let the judge hear the facts, that he would not be given any more sentence than could be given in the Wright matter . . . Bobby never did admit to me that he did either of them. He told me he was not guilty. His parents and I ―

they were led largely by me . . . at the time came to the conclusion that the best way to handle it would be tender a *nolo contendere* in the cases. . . ."

The plea was entered in No. 7999, containing two counts, one charging house breaking, and the other assault with intent to commit rape; and in 7999B — crime against nature on the Hartley child, and in 7999C a similar charge on the Thorne child; the court imposed prison sentences in 7999 of ten years on the first count and 15 years on the second count, to run consecutively; in 7999C ten years to begin at the expiration of the 15 years sentence in the prior case; in 7999B, not less than 45 nor more than 60 years. This sentence was to run concurrently with the others.

At the Post Conviction Hearing, Judge Burgwyn heard evidence, but inasmuch as the petition for the Post Conviction Review was filed more than five years after the judgments were imposed, dismissed the petition without a specific finding that the defendant had not authorized the entry of the pleas of *nolo contendere*. The defendant's court-appointed counsel brought the cause here for review.

*T. W. Bruton, Attorney General, James F. Bullock, Asst. Attorney General for the State.*
*Wiley Narron for defendant appellant.*

PER CURIAM. The Attorney General's evaluation of the evidence offered at the hearing is thus stated in the brief: "This appears to be a case where the defendant's counsel tendered a plea of *nolo contendere* while the defendant was insisting that he was not guilty. . . . If the evidence in the record is to be considered and believed, then it seems that defendant should have his day in court before a jury on a plea of not guilty."

While the evidence indicates the defendant did not authorize the entry of a plea of *nolo contendere* to the three indictments, nevertheless there is no specific finding to that effect made by Judge Burgwyn. In this condition of the record we remand the case to the Superior Court of Johnston County for a specific finding and if, as the evidence indicates, the defendant did not consent to the pleas entered for him, then the Superior Court is directed to set aside the pleas and judgment and order a jury trial in all cases.

Remanded for further findings and disposition.